IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUZANNE COPLEY, | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WYETH, INC., et al., | : | |
| Defendants | : | NO. 09-722 |

## MEMORANDUM

Pratter, J.                                                                                                                April 22, 2009

Suzanne Copley has sued Wyeth, Inc., Wyeth Pharmaceuticals, Inc., Schwarz Pharma, Inc., Actavis, Inc., and Actavis Elizabeth LLC for injuries she allegedly sustained from the long-term ingestion of Reglan/metoclopramide as prescribed by her physician.

Ms. Copley filed suit in state court, and Schwarz Pharma timely removed the case to this Court. Ms. Copley has moved to remand the case to state court because, she contends, jurisdiction in this Court is not appropriate given that Defendant Wyeth Pharmaceuticals is a citizen of the Commonwealth of Pennsylvania.

As discussed more fully below, the Court will deny Ms. Copley's Motion to Remand. Although Wyeth Pharmaceuticals is indeed a citizen of Pennsylvania, at the time Schwarz Pharma, a non-forum defendant, removed the case to federal court, Wyeth Pharmaceuticals had not been properly joined and served. Thus, looking only at the state of the operative facts as of the time of removal, jurisdiction for this Court existed. Hence, removal was appropriate pursuant to 28 U.S.C. § 1441(b).

1

## I. Factual Background

Ms. Copley commenced this action on February 13, 2009 in the Philadelphia Court of Common Pleas. See Response, Ex. A (Complaint). On February 17, 2009, she served the Complaint on Schwarz Pharma via United States certified mail. See Response, Ex. B (Plaintiff's Affidavit of Service). Two days after it was properly served with the Complaint, Schwarz Pharma filed a Notice of Removal to this Court asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). The following day, Schwarz Pharma filed a Notice of Removal with the Philadelphia Court of Common Pleas. See Response, Ex. E (Notice of Removal dated 2/20/09).

Ms. Copley did not serve the Complaint on Wyeth Pharmaceuticals, the only defendant in this case that is a citizen of Pennsylvania, until March 5, 2009, which is approximately two weeks after the removal filings by Schwarz Pharma. See Motion at 3, n.2; Response, Ex. F (Montgomery County Sheriff's Department Order for Service).

## II. Legal Standard

Under the removal statute,

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable _only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought_.

28 U.S.C. § 1441(b) (emphasis added). This restriction on removal is known as the "forum defendant rule" and provides that "removal is improper if the defendant is a citizen of the state in which the suit is originally filed. Allen v. GlaxoSmithKline PLC, Civ. No. 07-5045, 2008 U.S. Dist. LEXIS 42491, at *4 (E.D. Pa. May 20, 2008) (citing Korea Exchange Bank, New York

Branch v. Trackwise Sales Corp., 66 F.3d 46, 48 (3d Cir. 1995)). This limitation exists because "[t]he purpose of diversity jurisdiction is to avoid prejudice against out-of-state defendants." Allen, 2008 U.S. Dist. LEXIS 42491, at *10 (citing McSparan v. Weist, 402 F.2d 867, 876 (3d Cir. 1968)). However, "[t]he removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (quoting Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)) (additional citations omitted).

### III.  Discussion

#### A.  Jurisdiction

This Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between...citizens of different states." 28 U.S.C. § 1332(a).

In this action, Ms. Copley, a citizen of Tennessee, asserts claims against the following parties:

- Schwarz Pharma, Inc., a citizen of Delaware and Georgia;
- Wyeth, Inc., a citizen of Delaware and New Jersey;
- Wyeth Pharmaceuticals, Inc., a citizen of Delaware and Pennsylvania;
- Actavis, Inc., a citizen of Delaware and New Jersey; and
- Actavis Elizabeth, Inc., a citizen of Delaware and New Jersey

See Notice of Removal ¶¶ 11-17; Complaint ¶¶ 1, 3, 4, 8, 9. Ms. Copley does not contest Schwarz Pharma's assertion that the amount in controversy for this matter exceeds $75,000.

3

See Notice of Removal ¶¶ 7-10. Because there is complete diversity between Ms. Copley and the Defendants, and because the amount in controversy exceeds $75,000, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).

### B. Removal

Ms. Copley argues that simply because a forum defendant (in this instance, Wyeth Pharmaceuticals, Inc.) has not yet been served does not render a case removable. To support her position, Ms. Copley cites Allen v. GlaxoSmithKline, Civ. No. 07-5045, 2008 U.S. Dist. LEXIS 42491 (E.D. Pa. May 30, 2008). In Allen, the only defendant, a Pennsylvania citizen, removed the case to federal court prior to being served in the underlying state action. The court remanded the case, explaining that there is:

> [n]o sound reason to conclude that the purpose of the 'joined and served' requirement is to allow unserved, in-state defendants to remove the action, claiming that Section 1441(b) does not apply because removal occurred prior to service. [The defendant] contends that according to the plain language of the statute, a forum defendant may remove a case prior to service so that a federal court can exercise jurisdiction. However, this reading controverts the logic and policy behind diversity jurisdiction.

Id. at *11-12.

The Allen court acknowledged, however, a significant difference between removal by an as-yet-unserved forum defendant and removal by a properly served non-forum defendant. "If there were no restrictions on the forum defendant rule, a plaintiff could abuse it by naming as a second defendant in the Complaint (i.e. "joining") an in-state defendant that the plaintiff had no honest intention of pursuing in litigation, never intended to serve, and in fact did not serve with process." Id. at *11 (citing Stan Winston Creatures, Inc. v. Toys "R" Us, Inc., 314 F.Supp.2d

4

177, 181 (S.D.N.Y. 2003) ("The purpose of the 'joined and served' requirement is to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom it does not intend to proceed, and whom it does not even serve.")).

Unlike the circumstances in Allen, here Schwarz Pharma, a properly served non-forum defendant, removed the case well before Ms. Copley joined and served the only forum defendant, Wyeth Pharmaceuticals, Inc. The significance of the difference is outlined in In re Avandia Marketing Sales Practices and Prods. Liab. Litig., MDL No. 1871, 2009 U.S. Dist. LEXIS 15210 (E.D. Pa. Feb. 25, 2009):

> The application of the forum defendant rule is different when, in an action involving multiple defendants, an out-of-state defendant removes after it has been served, but prior to service upon any forum defendant. In that situation, the rationale behind § 1441(b) and, to some extent, the protective purpose of diversity jurisdiction, are implicated, and removal by the foreign defendant is proper.

Id. at *47 (citing Vanderwerf v. GalxoSmithKline, PLC, Civ. No. 05-1315, 2005 WL 6151369 (E.D. Pa. May 5, 2005)).[1]

Ms. Copley challenges the statute and the case law by arguing that "[a]llowing defendants to remove, depending on the order in which defendants are served, **leads to absurd results**." Motion at 7 (emphasis in original). She warns of situations in which forum defendants answer and remove actions prior to being served. Id. at 7-8. That did not happen here, of course. Here, the properly served, non-forum defendant initiated the removal procedures, and countering Ms.

---

[1] Ms. Copley does not acknowledge this difference in her submissions to the Court, but actually seeks to rely on In re Avandia to support her argument for remand. See Motion at 6-7. In re Avandia indeed does "reject[] any construction of § 1441(b) that would allow an in-state defendant to side-step the restrictive purpose of the forum defendant rule by 'racing to remove' before being served with process." In re Avandia, 2009 U.S. Dist. LEXIS 15210, at *44. However, given that In re Avandia also allows for removal by a non-forum defendant, Ms. Copley's reliance on the case is unavailing.

5

Copley's dire predictions, Schwarz Pharma correctly observes: "Plaintiff had the ability to preclude removal by first serving the forum defendant....[i]t was Plaintiff's deliberate litigation strategy that resulted in service of an out-of-state defendant prior to service of the forum defendant in this case, thus facilitating removal."  Response at 9.[2]

The forum defendant rule as interpreted and applied in the cases cited above and in the present case by this Court serves the main purpose of diversity jurisdiction, namely, to avoid prejudice to out-of-state defendants.  McSparran v. Weist, 402 F.2d 867, 876 (3d Cir. 1968); In re Avandia, supra at *41, 44; Allen, 2008 U.S. Dist. LEXIS 42491, at *10.  Schwarz Pharma, an out-of-state defendant, properly removed this action in accordance with § 1441(b), all in keeping with the well-defined and important purpose of diversity jurisdiction.  Accordingly, the Court denies Plaintiff's Motion to Remand.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[2] The court in Valerio v. SmithKline Beecham Corp., No. 08-60522, 2008 U.S. Dist. LEXIS 60242, at *7-8 (S.D. Fl. Aug. 7, 2008), explains the significance of a plaintiff's power to control service in a case such as the one now before this Court:
> ...when a non-forum state defendant removes a case also involving a forum defendant, it is necessary to only consider properly served defendants so as to not allow a plaintiff to thwart removal rights of diverse, non forum state defendants by not serving the forum state defendant.  To avoid this result, plaintiffs can control the situation by attempting immediate service upon a forum state defendant when filing such a case in state court.

6