# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUZANNE COPLEY, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| WYETH, INC., et al., | : | |
|     Defendants | : | NO. 09-722 |

### MEMORANDUM

Pratter, J.                                                                                                         July 16, 2009

      Defendants Actavis, Inc. and Actavis Elizabeth LLC have filed a Motion to Transfer this product liability action to the United States District Court for the Middle District of Tennessee. Defendants Schwarz Pharma, Inc. and Schwarz Pharma USA join in this request. Plaintiff, a Tennessee resident, opposes it. For the reasons that are discussed below, the Court grants the Motion.

**I.    Background**

      Plaintiff Suzanne Copley is a resident of Tennessee who claims that she developed tardive dyskinesia, a neurological disorder, as a result of ingesting metoclopramide, which is sold under the brand name Reglan and also is sold in various generic forms. Ms. Copley sued Wyeth, Inc., Wyeth Pharmaceuticals, Inc., Schwarz Pharma, Inc., Schwarz Pharma USA, Actavis, Inc., and Actavis Elizabeth LLC. Ms. Copley's causes of action include strict products liability, negligence, breach of express and implied warranties, and misrepresentation and fraud. Ms. Copley commenced this

1

action in the Philadelphia Court of Common Pleas, and Schwarz Pharma timely removed the case to this Court. The Court denied Ms. Copley's Motion to Remand.

With the exception of Wyeth Pharmaceuticals, all Defendants are corporations incorporated in states other than Pennsylvania and have principal places of business outside Pennsylvania. Wyeth Pharmaceuticals, though incorporated in Delaware, has a principal place of business in Pennsylvania.

Defendants Actavis, Inc. and Actavis Elizabeth, LLC (together "Actavis") now move to transfer this action to the federal district court for the Middle District of Tennessee pursuant to 28 U.S.C. § 1404(a). Schwarz Pharma, Inc. and Schwarz Pharma USA join in Actavis's Motion, and Wyeth, Inc. and Wyeth Pharmaceuticals, Inc. do not oppose the requested transfer.[1] Notwithstanding that it is her home, Ms. Copley strongly opposes transfer to the Tennessee forum.

For the reasons set forth below, the Court will grant the Motion to Transfer and will transfer this action to the U.S. District Court for the Middle District of Tennessee.

II. Discussion

A. Legal Standard

In a case that has been removed from state court, a district court may entertain a motion to

---

[1] Defendants Schwarz Pharma, Schwarz Pharma USA, Wyeth, and Wyeth Pharmaceuticals designated their filings as responses to Actavis's Motion to Transfer. Plaintiff avers that these Defendants are "neither movants nor proper respondents to Defendant Actavis' motion to transfer venue." Pl. Sur-Response at 1. Plaintiff argues, without providing legal support, that the Court should not consider the filings for any purpose. The Court declines Plaintiff's unsupported request.

transfer venue pursuant to § 1404(a).² Wallace v. Merchatile County Bank, Civ. No. 06-3974, 2006 U.S. Dist. LEXIS 82565, at *9 (E.D. Pa. Nov. 9, 2006).  Requests for transfer under § 1404(a) may be granted when venue is proper in both the original and the requested venue. Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995); Schiller-Pfeiffer, Inc. v. Country Home Prods., Civ. No. 04-1444, 2004 U.S. Dist. LEXIS 24180, at *28 (E.D. Pa. Dec. 1, 2004).  Under § 1404(a), district courts have broad discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)).  While there is no definitive set of factors that must be considered prior to transfer, the Court of Appeals for the Third Circuit has outlined a number of both private and public interests that the district court may consider when adjudicating a motion to transfer.³

The Court acknowledges the familiar maxim that in considering a transfer request, "a plaintiff's choice of forum is entitled to great weight and is not to be disturbed unless the balance of convenience strongly favors the defendants' forum." Blanning v. Tisch, 378 F. Supp. 1058, 1060

---

² 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

³ Jumara notes various "private interests," such as (a) the plaintiff's forum preference as manifested in the original choice, (b) the defendant's preference, (c) whether the claim arose elsewhere, (d) the relative convenience of the parties as indicated by their relative physical and financial condition, (e) and the location of the witnesses, books and records (but only to the extent that the witnesses, books or records may actually be unavailable for trial in one of the fora). Jumara, 55 F.3d at 879-80 (citations omitted).  The considerations also include "public interests," such as (a) the enforceability of the judgment, (b) practical considerations that could make the trial easy, expeditious or inexpensive, (c) the relative administrative difficulty in the two fora resulting from court congestion, (d) and the local interest in deciding local controversies at home. Id. (citations omitted).

3

(E.D. Pa. 1974) (citing Shutte v. Armco Steel Corp., 431 F.2d 22 (3d Cir. 1970). See also Jumara, 55 F.3d at 879. "It should be noted, however, that the plaintiff's choice of forum is entitled to less weight where the plaintiff chooses a forum which is neither his home nor the situs of the occurrence upon which the suit is based." Harris v. National Railroad Passenger Corp., 979 F. Supp. 1052, 1053 (E.D. Pa. 1997).

Pursuant to § 1404(a), a court may transfer a case: (1) to a district where the case could have been brought; and (2) where the convenience of parties and witnesses, and the interest of justice weigh in favor of the transfer. Wallace, 2006 U.S. Dist. LEXIS 82565, at *9 (citing 28 U.S.C. § 1404(a)). This case could have been brought in the Middle District of Tennessee, where Ms. Copley resides and the events giving rise to this action occurred. See 28 U.S.C. § 1391(a) (providing that an action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred"). The Court discusses the additional factors of convenience, interests of justice and the like below.

### B. Judicial Estoppel

Judicial estoppel is an equitable doctrine aimed at "protect[ing] the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." New Hampshire v. Maine, 532 U.S. 742, 749-50 (2001) (citations and internal quotations omitted). Ms. Copley argues that because of the position that Actavis took before the Judicial Panel of Multidistrict Litigation ("JPMDL") with respect to another metoclopramide case being considered for multidistrict litigation ("MDL") status and, along with other such cases, possible transfer to the Eastern District of Pennsylvania, Actavis should be judicially estopped from

asserting that the Eastern District of Pennsylvania is not a convenient venue for Ms. Copley's litigation.

The plaintiffs in similar cases regarding metoclopramide filed a motion before the JPMDL to designate a number of metoclopramide cases pending across the United States into an MDL and specifically requested that the convened cases be sited in Nevada. See In Re: Reglan/Metoclopramida Product Liability Litigation, MDL No. 2049. Actavis, Inc. and Actavis Elizabeth LLC proposed that if any such MDL were created, because Nevada is geographically remote from all but a few of the cases and, therefore, not convenient to the bulk of the litigation, that the MDL venue be set in the Eastern District of Pennsylvania, the Southern District of West Virginia, or the Northern District of Ohio. See Pl. Response, Ex. A at 3 (In Re: Reglan/Metoclopramida Product Liability Litigation, MDL No. 2049, Defendants Actavis Inc. and Actavis Elizabeth LLC's Memorandum in Response to Plaintiff's Motion for Transfer of Actions to the District of Nevada).

Actavis maintains that it (and other defendant manufacturers of metoclopramide) opposed on a number of bases the motion to designate other metoclopramide cases as an MDL, "but, as is clearly contemplated by the rules of the JPMDL, did suggest possible forums for an MDL." Actavis Response at 2. However, such suggestion regarding a possible MDL, with which Ms. Copley was not associated, has no bearing on this case. Actavis argues that "[w]hat is pending before this Court is whether the particular facts of this one case merit transfer to Tennessee. Actavis has taken a consistent position as to that issue — this case should be transferred." Id.

Analysis of the "circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle." New Hampshire v. Maine, 532

U.S. at 750 (quoting Allen v. Zurich Ins. Co., 667 F.2d 1162, 1166 (4th Cir. 1982)). However, one of the factors a court should consider is whether a party's current position is "clearly inconsistent" with its earlier position. Id. (citations omitted). Here, although Actavis did once acknowledge that the Eastern District of Pennsylvania could be a appropriate forum for a metoclopramide MDL, Actavis did not argue that this district was the *only* appropriate forum or that this district would be the proper venue for *any and all* future metoclopramide litigation. As Actavis argues, Ms. Copley's case stands alone and must be judged according to the facts presently before the Court. The Court does not find a strong enough or otherwise inflexible or inexorable link between the arguments made before the JPMDL and those at issue in Ms. Copley's case to justify the application of judicial estoppel to prevent transfer.

        C.        **Weight of Factors for and Against Transfer**

    i.        **Private Interests**

        a.        **Plaintiff's Forum Preference**

Ms. Copley commenced this action in the Philadelphia Court of Common Pleas. Schwarz Pharma timely removed the case to this Court. Although a plaintiff's choice of forum generally should not be disturbed unless "the balance of convenience strongly favors the defendants' forum." Blanning, 378 F. Supp. at 1060, here Ms. Copley does not reside in the forum or allege that any of the underlying conduct took place herein. Pennsylvania has no substantive relation to this suit except through Defendant Wyeth Pharmaceutical. "[A] plaintiff's choice of forum is entitled to less weight where the plaintiff chooses a forum which is neither his home nor the situs of the occurrence upon which the suit is based.". Harris v.

6

National Railroad Passenger Corp., 979 F. Supp. 1052, 1053 (E.D. Pa. 1997). See also Rowels v. Hammermill Paper Co., Inc., 689 F. Supp. 494, 496 (E.D. Pa. 1988) ("A plaintiff's choice of forum merits less deference when none of the conduct complained of occurred in plaintiff's selected forum."); Zeevi v. Am. Home Prods. Corp., Civ. No. 99-20277, 2002 U.S. Dist. LEXIS 1095, at *5 (E.D. Pa. Jan. 24, 2002) (The deference given to a plaintiff's forum choice "is further reduced where the lawsuit is initiated outside the forum in which the Plaintiff is a resident.") (citation and internal quotations omitted). Accordingly, while this factor weighs against transfer, it is not entitled to significant deference in this case.

### b. Defendant's Forum Preference

Defendants Actavis, Inc., Actavis Elizabeth, LLC, Schwarz Pharma, Inc. and Schwarz Pharma USA are actively seeking transfer, asserting that convenience and access to proof (among other factors) require such transfer. Wyeth, Inc. and Wyeth Pharmaceuticals, Inc. do not oppose the requested transfer. Although the Defendants' collective preference is granted less weight than the Plaintiff's, their preference for a Tennessee forum weighs in favor of transferring the case.

### c. Where the Claims Arose

"Typically the most appropriate venue is where a majority of events giving rise to the claim arose." In re Amkor Tech., Inc. Sec. Litig., Civ. No. 06-298, 2006 U.S. Dist. LEXIS 93931, at *15 (E.D. Pa. Dec. 28, 2006). In products liability cases, the claims typically arise in the plaintiff's home district. See Zeevi, 2002 U.S. Dist. LEXIS 1095, at *6-7 (transferring

7

action to Louisiana, where the plaintiff lived, was administered the drugs, suffered her injuries, and was treated for those injuries); In re Consolidated Parlodel Litig., 22 F. Supp. 2d 320, 326 (D.N.J. 1998) ("Although Parlodel was designed and manufactured in New Jersey, and [the pharmaceutical company] made various decisions in New Jersey, Parlodel was marketed and consumed by Plaintiffs in their home districts. Thus, it appears as though these claims arose in Plaintiffs home districts."); Campbell v. FMC Corp., Civ. No. 91-7536, 1992 U.S. Dist. LEXIS 10550, at *2 (E.D. Pa. July 17, 1992) (transferring products liability action to place where allegedly defective product was used and injury occurred because that was where the "operative facts" occurred); Dahl v. HEM Pharmaceuticals Corp., 867 F. Supp. 194 (S.D.N.Y. 1994) (transferring case to Nevada, where drugs were administered).

Almost all of the operative facts giving rise to this case occurred in Tennessee. Ms. Copley lives in Tennessee, and her treating physicians are located there. Tennessee is where she was prescribed and used metoclopramide for over a decade, where she experienced alleged injuries from the medication, and where she is receiving treatment for those injuries. See Compl. ¶¶ 24-26.

Plaintiff argues that only her treatment occurred in Tennessee. She notes that "[a]ll of the facts relating to the development of disputed warnings associated with Reglan and MCP occur[red in Pennsylvania] or in New Jersey, far from Tennessee." Pl. Response at 4. Plaintiff continues by arguing that before giving the locations of medical records and treating physicians any weight, the Court should require Defendants to "identify precisely what witnesses and evidence...[they] cannot produce at trial here, but could in Tennessee." Id. Plaintiff here fuses two factors – where the claim arose and the location of witnesses and evidence. Further, she

8

fails to provide any caselaw supporting her assertion that her claims arose in the Northeast. Because products liability cases typically arise in the plaintiff's home district, Plaintiff's argument on this element lacks merit.

Accordingly, this factor weighs in favor of transferring the case to Tennessee.

### d. Convenience of Witnesses

The convenience of both party and non-party witnesses is another sensible and important factor in the analysis of whether a transfer should be granted. However, "[p]arty witnesses are presumed to be willing to testify in either forum despite any inconvenience. The convenience of non-party witnesses is the main focus." Toll Bros. v. Nationwide Prop. & Cas. Ins. Co., Civ. No. 05-1191, 2005 U.S. Dist. LEXIS 23545, at *13 (E.D. Pa. Oct. 13, 2005) (quoting Hillard v. Guidant Corp., 76 F. Supp. 2d 566, 569 (M.D. Pa. 1999). In fact, the Third Circuit Court of Appeals has held that a court should consider the convenience of witnesses "only to the extent that the witnesses may actually be unavailable for trial in one of the fora." Jumara, 55 F.3d at 879. Thus, convenience for parties and witnesses is not the "be all and end all," but it is nonetheless important.

Actavis notes that "[t]his case involves the Defendants' failure to warn physicians and/or the medical community of information...that Reglan/metoclopramide, when taken for long period of time (i.e. for longer than 12 weeks) could and did cause serious, permanent and debilitating side effects, including tardive dyskinesia and akathisia." Motion at 6 (quoting Compl. ¶ 35). Accordingly, Actavis argues that "Plaintiff's treating physician will provide critical testimony and records regarding Plaintiff's gastric reflux and her use of Reglan and/or

9

generic metoclopramide for over a decade to treat the indigestion, including any warnings and medical information the physician received regarding prolonged use of the medication." Motion at 6. Ms. Copley's treating physicians and other health-care providers from Tennessee, as non-parties to the suit, cannot be compelled to give testimony in a Pennsylvania court, and the inability of a court to compel the live testimony of critical witnesses at trial suggests that transfer is appropriate. See Zeevi, 2002 U.S. Dist. LEXIS 1095, at *6-7; In re Consolidated Parlodel Litig., 22 F. Supp. 2d at 324.

Ms. Copley responds by arguing that Actavis has not stated whether it foresees difficulty in deposing the physicians if transfer is denied. Pl. Response at 5. She states that "deposition anywhere in the country is a simple matter under the federal rules" and that "there is no problem in presenting deposition testimony" if a witness is unavailable. Id. However, the Court cannot let go unremarked upon that she fails to cite any cases supporting the idea that the presentation of deposition testimony from a critical witness is in any way equal to such a witness's live, in-court testimony. Trial lawyers would agree with resounding unanimity that "it would depend" upon the effectiveness, countenance, inflection and other subtleties of the real witness as compared to a "stand-in."

To be sure, Actavis cites a number of cases supporting the premise that live testimony is preferred over deposition testimony. See In re Consolidated Parlodel Litig., 22, F. Supp. 2d at 324; Ramsey v. Fox News Network, LLC, 323 F. Supp. 2d 1352, 1356 (N.D. Ga. 2004) ("Given the fact that, when possible, live testimony is preferred over other means of presenting evidence, the convenience of the non-party witnesses weighs most heavily on the Court in deciding on a motion to transfer venue."); Burnett v. Wyeth, Civ. No. 06-4923, 2008 WL 732425 (D. Minn.

10

March 17, 2008) (noting that transfer would "ensure the live testimony of critical fact witnesses located in that forum"); Moretti v. Wyeth, Civ. No. 07-3920, 2008 WL 732497 (D. Minn. March 17, 2008) (same).

Ms. Copley's treating and prescribing physicians are located outside the 100 mile subpoena power of this Court. There is no evidence that any of the probable corporate witnesses will be from Pennsylvania. No doubt, pendency of this case in Tennessee would help ensure live testimony of witnesses located in that forum. The Court concludes that convenience of witnesses weighs in favor of transferring the case to Tennessee.

### e. Location of Books and Records

Another private factor the Court considers is the location of books and records relevant to the litigation. However, "the technological advances of recent years have significantly reduced the weight of this factor in the balance of convenience analysis." Lomanno v. Black, 285 F. Supp. 2d 637, 647 (E.D. Pa. 2003) (quoting Am. High-Income Trust v. AlliedSignal Inc., No. 00-690, 2002 U.S. Dist. LEXIS 3761, at *5 (D. Del. March 7, 2002)). Our appellate court has held that the location of books and record should be considered only "to the extent that the files could not be produced in the alternative forum." Jumara, 55 F.3d at 879.

Ms. Copley rightly notes that there is no evidence that either the Defendants' or the Plaintiff's records would be unavailable in either forum. See Pl. Response at 5. Because the parties have produced no evidence to suggest that this factor should favor either transfer or denial of transfer, the Court grants it no weight.

11

### ii. Public Interests

#### a. Enforceability of Judgment

The parties did not present any argument in their papers regarding the enforceability of any judgment. Accordingly, the Court will grant this factor no weight.

#### b. Practical Considerations that Could Make the Trial Easy, Expeditious or Inexpensive

The Court has found no discernable practical considerations that would make the trial particularly easy, expeditious or inexpensive. Further, "this action has been before the Court for a relatively short period of time and, thus, 'a transfer will not significantly disrupt the litigation or result in a waste of judicial resources.'" Coppolla v. Ferrellgas, Inc., 250 F.D.R. 195, 200 (E.D. Pa. 2008) (quoting Zokaites v. Land-Cellular Corp., 424 F. Supp. 2d 824, 841 (W.D. Pa. 2006)).

#### c. Court Congestion

Because the parties have presented no evidence regarding court congestion, and the Court itself perceives none notable, the Court will not weigh this factor in any party's favor.

#### d. Local Interest in Deciding Local Controversies at Home

The final public interest consideration addresses which of the two potential forum districts has a greater interest in the action. The citizens of the Middle District of Tennessee have a clear interest in this case because Tennessee has the most significant contacts and

12

relationship to the issue of liability. Ms. Copley lives in Tennessee. She was treated by a physician and received prescriptions for metoclopramide in that state for more than ten years. A neurologist in Tennessee diagnosed Ms. Copley with tardive dyskinesia and concluded that the syndrome was caused by her prolonged use of metoclopramide. Although from among the Defendants only Wyeth Pharmaceuticals is headquartered in Pennsylvania, "the interest of the citizens of the proposed transfer district [is] greater because that district has both a direct tie to the injury and business activities conducted by Defendants." Grunder v. CSX Transp. Inc., Civ. No. 08-6029, 2009 U.S. Dist. LEXIS 58293, at *10 (E.D. Pa. July 8, 2009).

### III. Conclusion

For the reasons set forth above, the Court concludes that all material issues tip sufficiently in favor of transfer. Therefore, the Court will grant Actavis' Motion for Transfer and will transfer this case to the Middle District of Tennessee. An appropriate Order will follow.

BY THE COURT:

s/Gene E.K.Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

13